JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

5:15-CV-4275

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROBERT W. MAUTHE, M.D., P.C., Individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff: **Lehigh County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard Shenkan
6550 Lakeshore St. West Bloomfield, MI  48323
T: 248-562-1320

## DEFENDANTS
PHARMAKON SOLUTIONS, LLC and CHAMPION MEDICAL SOLUTIONS, INC.

County of Residence of First Listed Defendant: **San Diego**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TCPA 47 USC 227 et al.
Brief description of cause:
Illegal unsolicited fax advertisement

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____ S.T.

DATE 8/3/15
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AUG 04 2015

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

15　4275

Address of Plaintiff: 6550 Lakeshore St., West Bloomfield, MI 48327

Address of Defendant: Pharmakon Solutions, LLC, 2905 Harris Drive, Vista, CA 92084, Champion Medical Solutions, INC. 19360 Rinaldi St., #340, Northridge, CA 91326

Place of Accident, Incident or Transaction: Center Valley, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))　Yes◯　No☒

Does this case involve multidistrict litigation possibilities?　Yes◯　No☒
RELATED CASE, IF ANY:
Case Number:_____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　Yes◯　No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　Yes◯　No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?　Yes◯　No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　Yes◯　No☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ○ Indemnity Contract, Marine Contract, and All Other Contracts
2. ○ FELA
3. ○ Jones Act-Personal Injury
4. ○ Antitrust
5. ○ Patent
6. ○ Labor-Management Relations
7. ○ Civil Rights
8. ○ Habeas Corpus
9. ○ Securities Act(s) Cases
10. ○ Social Security Review Cases
11. ☒ All other Federal Question Cases
   (Please specify) __47 USC § 227__

B. *Diversity Jurisdiction Cases*:
1. ○ Insurance Contract and Other Contracts
2. ○ Airplane Personal Injury
3. ○ Assault, Defamation
4. ○ Marine Personal Injury
5. ○ Motor Vehicle Personal Injury
6. ○ Other Personal Injury (Please specify)
7. ○ Products Liability
8. ○ Products Liability — Asbestos
9. ○ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, __Richard Shevkan__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 8/3/15　_____　PA ID 79800
　　　　　　　　Attorney-at-Law　　　　　　　Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

AUG 04 2015

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/3/15　_____　PA ID 79800
　　　　　　　　Attorney-at-Law　　　　　　　Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ROBERT W. MAUTHE, M.D., P.C. individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PHARMAKON SOLUTIONS, LLC AND CHAMPTION MEDICAL SOLUTION, INC., | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br><br> NO. <br><br> 15    4275 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| August 3, 2015 | Richard Shenkan | Robert W. Mauthe, M.D., P.C. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (248) 562-1320 | (888) 769-1774 | rshenkan@shenkanlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 04 2015



6550 Lakeshore St., West Bloomfield, MI 48323
Phone: (800) 601-0808 • Fax: (888) 769-1774
rshenkan@shenkanlaw.com

August 3, 2015

**Via FedEx Overnight Mail**

United States District Court
Eastern District of Pennsylvania
601 Market Street
Room 2609
Philadelphia, PA 19106

RE: Robert W. Mauthe, M.D., P.C. vs. Pharmakon Solutions, LLC.
and Champion Medical Solutions, INC.,

Dear Sir/Madam:

In connection with the above-referenced matter, enclosed please find the following:

- Class Action Complaint

- Civil Cover Sheet

- Designation Form

- Case Management Track Designation Form

- Summons

- Check for $400.00

Kindly return the one time-stamped Copy to us in the self-addressed, stamped envelope provided. Should you have any questions, please call me at your earliest convenience. Thank you in advance for your courtesy and cooperation in this matter.

Respectfully submitted,
Shenkan Injury Lawyers, LLC.

Richard Shenkan
*Attorney for Plaintiffs*

Enclosures



LS

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. MAUTHE, M.D., P.C. individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHARMAKON SOLUTIONS, LLC. AND CHAMPION MEDICAL SOLUTIONS, INC.,<br><br>Defendants. | 15    4275<br><br><br><br>CIVIL ACTION NO. |

CLASS ACTION COMPLAINT

1.    In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy." 47 U.S.C. § 227, Congressional Statement of Findings #5. In enacting the TCPA, Congress outlawed telemarketing via unsolicited facsimile, hereinafter "Junk Faxes." 47 U.S.C. § 227. Plaintiff, Robert W. Mauthe, M.D., P.C. ("Mauthe"), is a private medical practice in Center Valley, Pennsylvania, which has long been inundated with Junk Faxes. Mauthe brings this class action to

1

challenge Pharmakon Solutions, LLC and Champion Medical Solutions wholesale issuance of Junk Faxes in violation of the TCPA.

## THE PARTIES

2. The Plaintiff, Robert W. Mauthe, M.D., P.C., is a private medical practice in Center Valley, Pennsylvania.

3. The Defendant, Pharmakon Solutions, LLC is a limited liability company located in Vista, California. Pharmakon does business in this jurisdiction.

4. Champion Medical Solutions, Inc. is a California corporation, located in Northridge, California. Champion does business in this jurisdiction.

## JURISDICTION

5. The District Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a substantial portion of the facts and circumstances that give rise to the cause of action occurred here, as Defendants sent the challenged Junk Faxes to this District.

## THE LEGAL BASIS OF THE CLASS CLAIMS

7. Mauthe's claims, and those of the class it seeks to represent, arise under the TCPA.

8. Among other provisions, the TCPA forbids Junk Faxes – sending unsolicited advertisements for goods and services via facsimile. 47 U.S.C. § 227(b)(1)(C).

9. The TCPA requires that even fax advertisements being sent to those who consented to their receipt, or with whom the advertiser had an established business relationship, must include an Opt Out Notice. 47 U.S.C. § 227(b)(2)(D).

10. Among other things, the Opt Out Notice provision requires the sender to clearly disclose in the body of the fax that recipients may request that the sender stop sending them fax advertisements – and that failure to remove the recipient from the sender's database within thirty days of such a request is itself a violation of the TCPA.

11. Section § 227(b)(3) of the TCPA provides a private right of action:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (A) an action based on a violation of this subsection or the

3

regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receiver $500 in damages for each violation, whichever is greater, or (C) both such actions.

### FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFF

12. On or about April 2015 Defendants sent a fax advertisement to Mauthe touting Pharmakon Solutions' drug testing and dispensing services, and Champion Medical Solutions' medical billing services.

13. This fax advertisement is a form document, listing prices for various services and promising "great revenue" to doctors.

14. Mauthe did not consent to receive fax advertisements from Pharmakon or Champion.

15. The form Junk Fax does not contain an Opt Out Notice that complies with the TCPA. In fact it does not contain any opt out notice.

16. Defendants send and continue to send this form Junk Fax to medical offices throughout the United States. A copy of the Junk Fax sent to Mauthe is attached as **Exhibit 1**.

### CLASS ALLEGATIONS

17. Mauthe brings this action under Fed. R. Civ. P. 23.

18. Through the transmission of generic fax advertisements promoting their goods and services, including the Junk Fax it sent to Mauthe, Defendants engaged in wholesale violations of the TCPA.

19. Based on the generic style of the fax advertisement, the standard telemarketing reach of a Junk Fax campaign, and the geographic distance between Mauthe's Pennsylvania office and Defendants' California locations, Defendants have likely transmitted Junk Faxes to thousands of recipients throughout the United States.

20. Defendants did not obtain the consent of Junk Fax recipients prior to sending them.

21. To the extent facsimile advertisements were transmitted by Defendants to those who had given consent, or had an established business relationship with them, of which there is no evidence at this time, the Junk Faxes still violate the TCPA, as they did not contain the Opt Out Notice required by law.

22. The class that Mauthe seeks to represent is composed of all persons or entities within the United States to whom Defendants sent Junk Faxes promoting Defendants' goods or services at any time within four

years prior to the filing of this Complaint through the date of certification in this matter.

23.     The class defined above is identifiable by Defendants and their business partners or agents, from the databases used to send the Junk Faxes.

24.     There are questions of law and fact common to Mauthe and to the proposed class, including but not limited to the following:

   a.   Whether Defendants violated the TCPA by engaging in fax advertising;

   b.   Whether the facsimiles sent by Defendants to class members constitute unsolicited advertisements; and

   c.   Whether Mauthe and the members of the class are entitled to statutory damages as a result of Defendants' actions.

25.     Mauthe's claims are typical of the claims of the class.

26.     Mauthe is an adequate representative of the class because his interests do not conflict with those of the class, he will fairly and adequately protect the interests of the class, and is represented by counsel skilled and experienced in class actions.

27.     Common questions of law and fact predominate over questions affecting only individual class members and a class action is the superior

6

method for the fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

28. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

29. Mauthe is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

30. Mauthe is capable of representing the members of the class.

## CAUSES OF ACTION
### COUNT I: VIOLATION OF THE TCPA

31. Defendants caused Junk Faxes promoting their goods and services to be sent to Mauthe and class members, in violation of the TCPA.

32. By sending Junk Faxes to the class, Defendants violated class members' privacy rights.

33. By sending Junk Faxes to the class, Defendants caused class members to sustain property damage and cost in the form of paper and toner.

34. By sending Junk Faxes to the class, Defendants interfered with the class members' use of their property, as class members' facsimile machines were encumbered by the transmission of Defendants' Junk Faxes.

35. Defendants failed to provide the requisite Opt Out Notice on their Junk Faxes, informing the recipients of their right to cease receiving such advertisements and a cost free mechanism to make such request.

36. Failure to provide Opt Out Notice on a facsimile advertisement is a separate and distinct violation of the TCPA.

37. The TCPA provides for statutory damages in the amount of a minimum of $500 for each separate violation of its terms.

## COUNT II: INJUNCTIVE RELIEF

38. The TCPA expressly authorizes injunctive relief to prevent future violations of the Act.

39. Mauthe, on behalf of the class, respectfully petitions the Court to order Defendants to immediately cease engaging in unsolicited facsimile advertising in violation of the TCPA.

## Prayer For Relief

WHEREFORE, on behalf of itself and members of the class, Mauthe prays for the following relief:

1. That Defendants be enjoined from engaging in future telemarketing in violation of the TCPA;

2. That Defendants, their agents, or anyone acting on their behalf, be enjoined from altering, deleting or destroying any documents or records that could be used to identify the class members;

3. That this Court certify the claims of Mauthe and all others similarly situated as class action claims as provided by Rule 23 of the Federal Rules of Civil Procedure;

4. That Mauthe and the other members of the class action so certified be awarded $500 for each negligent violation of the TCPA by Defendants and $1,500 for each willful violation;

5. That the Court enter an appropriate order enjoining Defendants, their agents, or anyone acting on their behalf, from altering, erasing, changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs, in their possession or control which can be used to identify all persons,

corporations, or other entities to whom Defendants have transmitted unsolicited facsimile advertisements; and

6. That Mauthe and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Mauthe requests a jury trial as to all claims of the complaint so triable.

Dated: 8/3/15

Respectfully submitted,
Shenkan Injury Lawyers, LLC.

_____
Richard Shenkan
Pa. Id. No. 79800
6550 Lakeshore St.
West Bloomfield, MI 48323
(800) 601-0808
(888) 769-1774 (fax)
rshenkan@shenkanlaw.com

John Roddy
Elizabeth Ryan
Bailey & Glasser LLP
99 High Street, Suite 304
Boston, MA 02110
(617) 439-6730
(617) 951-3954 (fax)
jroddy@baileyglasser.com
eryan@baileyglasser.com
*Pro Hac Vice Motions to be Filed*

John Barrett
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 (fax)
jbarrett@baileyglasser.com
*Pro Hac Vice Motion to be Filed*

Edward A. Broderick
Anthony I. Paronich
Broderick Law, P.C.
99 High Street, Suite 304
Boston, MA 02110
(617) 738-7080
ted@broderick-law.com
anthony@broderick-law.com
*Pro Hac Vice Motions to be Filed*

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Ave., Third Floor
Natick, MA 01760
Phone: (508) 655-1415
mmccue@massattorneys.net
*Pro Hac Vice Motions to be Filed*

*Attorneys for Plaintiff and Proposed Class*

11



## *Pharmakon and Champion*
## *Great Revenue, Great Service!*



### Urine Drug Testing:

| | | | | |
|---|---|---|---|---|
| 12 panel urine cup | In - office | ~ $5.65 | $384.00 | $378.35 |

*Reimbursements listed are for Workers Comp patients*

### Transdermal Cream Application:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Flurbiprofen | Transdermal | 20% | 15 gm | $113.92 | $6.00 | $28.48 | $79.44 |
| Tramadol | Transdermal | 20% | 15 gm | $113.08 | $6.00 | $28.27 | $78.81 |
| Cyclobenzaprine + Gabapentin | Transdermal | 10% - 10% | 15 gm | $163.46 | $8.00 | $40.87 | $114.60 |

*The above program is in full compliance with laws that removed in-office medication dispensing.*
*We do all the billing and reimburse the Dr. profit ~net 60 days.*
*We also offer in-office medication dispensing where allowed by law.*

### Injection Kits:

| | | | | | |
|---|---|---|---|---|---|
| Physician EZ Use Joint, Tunnel and Trigger Kit (Kenalog 40 mg/Lidocaine 1%) | 1 kit | $425.39 | $67.82 | $106.35 | $251.22 |
| Physician EZ Use M-pred Kit (Marcaine 0.5%/Methylprednisolone 40 mg) | 1 kit | $690.10 | $103.80 | $172.53 | $413.78 |
| Multi-Specialty Kit (Depo-Medrol 40mg/Lidocaine 1%) | 1 kit | $633.45 | $96.10 | $158.36 | $378.99 |
| Physician EZ Use B-12 Compliance Kit | 1 kit | $338.61 | $56.03 | $84.65 | $197.93 |

*Reimbursements listed are for Workers Comp patients*
*We do all the billing and reimburse the Dr. profit ~net 60 days.*
*Physician still bills for the injection procedure.*

Anthony Schuler at 484-597-6254 or t.schuler@pharmakonsolutions.com

